# TEXAS & PACIFIC R'Y. CO. v. JOHN J. HOWARD AND WIFE.

### SUPREME COURT, AUSTIN TERM, 1884.

*Negligence.*—Whether the employees of a railroad company are guilty of negligence in passing over public crossings, notwithstanding they comply with the Statute by ringing the bell etc., is a question of fact to be determined in each case.

*Damages.*—In an action for damages in his own name a father cannot recover compensation for the mental and physical suffering of his infant child.

Appeal from Tarrant county.

### STATEMENT.

On the 19th day of April, 1882, the plaintiff, John J. Howard, brought this suit, No. 2407, in the District Court of Tarrant county, against appellant, alleging in substance, that on the——day of December, 1881, while he was driving his carriage containing himself, his wife Rosa Howard, and his infant daughter, across one of the public streets in the city of Fort Worth, one of appellant's trains of cars negligently ran, or backed, into and against his carriage, whereby he and his wife daughter were thrown from said carriage and severely injured, causing great pain of body and mind—that his carriage was greatly damaged, and in consequence of said injuries he had been put to much expense for medicines and physicians, and had lost time from his business. His wife's health had been greatly impaired, whereby he had lost the benefit of her services for a long space of time, all to his great damage of $10,000.

On the same day, his wife the said Rosa, joined by her said husband, brought her suit, No. 2408, in said court against appellant, alleging substantially that she had been injured as above stated—that she had suffered great pain of body and mind therefrom, and claimed damages to herself of $10,000.

To each of said petitions appellant pleaded the general denial and a special plea, averring that if plaintiffs were injured as stated, it was by reason of their own contributory negligence.

At the January term, 1883, of said court, on motions of appellant, said suits were consolidated and by said court ordered to be tried as one suit, under the style of John J. Howard and Wife v. The Texas and Pacific R'y. Co., No. 4207.

The trial of said suit began on the 26th day of January 1883, before the Hon. John Hanna, who had heen elected special judge in the absence of the regular judge, and closed on February 1st, 1883, with a verdict of the jury in favor of appellees for $20,000. Motion for a new trial was made and overruled, and this appeal taken and perfected.

Watts, J. adopted.

Of the several assignments of error relied upon for a reversal of the judgment, those only will be considered which are deemed necessary for a proper disposition of this appeal.

Upon the trial below the court instructed the jury as follows: "The ringing of the bell, or the blowing of the whistle only, upon a locomotive attached to a long freight train which is standing with the rear truck just on the west edge of the street crossing across defendants railroad track, is not such notice to those passing upon the street of an intended backward movement of the train as will absolve the railroad company from the charge of negligence."

In passing public crossings, the Statute requires that the bell shall be rung or the whistle sounded. A failure to comply with this requirement is, as a matter of law, negligence, and may be so declared by the court in the charge to the jury. (T. & P. R'y. v. Murphy, 56 Texas, 356; H. & T. C. R'y., v. Wilson, 2 Texas Law Review, 194.)

There may be cases where the company's employes might, as a matter of fact, be guilty of culpable negligence at public crossings, notwithstanding they may comply with the Statute in reference to ringing the bell, or sounding the whistle; but, whether or not such negligence exists is a question of fact to be determined from a consideration of the evidence.

At these crossings, the exercise of prudence is reciprocal, those operating trains must exercise reasonable care in avoiding collision with those passing the track, and so those who cross the track at such places are required to exercise reasonable care to avoid being injured by moving trains. The degree of care required of each is that which a reasonably prudent person would exercise under like circumstances.

While the legislature deemed it necessary for the protection of the public, that the signals mentioned should be given, it by no

means follows, that the employes of the company in passing public streets and highways, are not required to use other precautionary measures so as to avoid inflicting injury upon others.

But, as to whether the circnmstances are such as to require of those operating trains, to use at public crossings, additional precautions to those prescribed by Statute, is a question of fact, the failure to use which is not, as a matter of law, negligenee.

Whether under the circumstances mentioned in the charge, the ringing of the bell, or blowing the whistle, was, or not, sufficient to absolve the company from the charge of negligence, was a question to be determined by the jury upon a consideration of all the evidence directed to that issue.

If, under the same conditicns, a reasonably prudent and cautious person would have used other precautionary measures, then it was incumbent upon those operating the train to have done likewise, and a failure in this particular, would constitute negligence.

When considered with reference to that which precedes, as well that which follows, it clearly appears that the effect of this charge was to withdraw from the consideration of the jury that question of fact, that is, the court in effect declares, as a matter of law, that a compliance with the Statute in this case was not sufficient diligence upon the part of those operating the train. This is made more evident by other portions of the charge in which it is said, that in such cases "ordinary care would suggest to the defendant to use all available signals and warnings to avoid collision at said crossing."

The case of Eaton v. Erie Railway Company, (51 N. Y., 544) cited in support of the correctness of the charge, was a similar case to this, and the company asked the court to charge the jury that as its employes had complied with the Statute in giving signals, that they were not guilty of negligence. The court held, that the charge was properly refused, saying, "at all events, the case, as presented by the evidence, was not such as to have justified the court in instructing the jury that the defendant was not in fault and that it had discharged its duty by sounding the whistle and could not be held chargeable on the ground of negligence." This authority supports the converse of the proposition insisted on by appellees.

We have not been able to find any authority which would warrant the court in giving the charge in the connection in which it is found.

Here the court is required to charge the law, and is expressly prohibited from commenting upon the weight of the evidence. Neither should the court so frame the charge as to intimate to the jury its jugdment upon the facts.

Appellant also urges that the court erred in the portion of the charge which is as follows.

"7th. Fair compensation for the mental and physical suffering of plaintiffs, J. J. Howard and his wife Rosa Howard, and *their infant child, Bessie Howard,* caused by the injuries received and complained of, and the damages for the probable effect of the injuries received by plaintiffs and *their infant child, Bessie Howard,* in the future upon their health, and the use of their limbs and their ability to labor and attend to their ordinary affairs generally, any reduction of their power and capacity to earn money and pursue the course of life which they might otherwise have done. This charge was as to the rule ior the measure of damages.

Bessie Howard, the infant, was not a party to the suit, and while the father in his own right might recover compensation for a loss of her services until her majority, and also expenses incurred on her account by reason of the injury provided he is entitled to recover anything it is settled that he could not recover for the mental and physical suffering of their infant. Such a recovery would not preclude her from maintaining an action in her own name for such elements of damage. (G. C. & S. F. R'y. Co. v. Strayton, 3 Texas Law Review, 372; Gooley on Torts, 228 and 135.)

There are other orrors in the voluminous charge given in this case, which it is not deemed necessary to consider. The principles of law involved in the controversy are well settled, and ought to be applied without any circumlocution.

Our conclusion is that the judgment ought to be reversed and the cause reversed and remanded.